**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Garrison Property and Casualty Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: 2:15-cv-4379-PMD |
| v. | ) ) | **ORDER** |
| Alexander C. Cothran and Candace Rickborn, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on Defendant Alexander Cothran's renewed motion to dismiss Defendant Candace Rickborn's cross-claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 29). The Court grants Cothran's motion.

**BACKGROUND**

This case arises from a 2012 automobile collision between Rickborn and Cothran, who was at fault. The case's primary issue is whether an insurance policy that Plaintiff Garrison Property and Casualty Insurance Company issued to Cothran provides liability benefits to Rickborn. Garrison argues the policy provides no coverage, while Rickborn contends just the opposite. The current motion, however, involves Rickborn's allegations that Cothran has breached a contract between them relating to the collision.

The collision occurred while Cothran was driving his employer's truck. Accordingly, in 2013, Rickborn sued Cothran and his employer in South Carolina state court for negligence. State Farm Mutual Automobile Insurance Company, the employer's insurer, undertook the defense of both defendants. Meanwhile, Rickborn made a claim to Garrison seeking additional liability benefits under the policy it issued to Cothran for his personal vehicle.

State Farm later offered Rickborn its policy's limit, $25,000, in exchange for Rickborn agreeing not to execute against Cothran or State Farm any judgment she might obtain in her negligence suit. In addition to such forbearance, Rickborn would also have to promise that, "upon a final determination of whether any additional or secondary liability coverage and/ or underinsured motorist benefits will be paid," she would file a satisfaction of judgment in state court. (Am. Cross-cl., Ex. C., ECF No. 10-3, Covenant Not to Execute, at ¶ 5.)

Having received the $25,000 from State Farm and another $7,000 from Cothran's employer, in April 2015, Rickborn signed a covenant not to execute (the "Covenant") containing the above-mentioned obligations. Three months later, she obtained a judgment against Cothran in the amount of $208,122.22. As Garrison's filing of this lawsuit demonstrates, Rickborn has not yet succeeded in getting Garrison to pay her any of the outstanding amount of that judgment. In her cross-claim, Rickborn alleges Cothran has refused to cooperate in her pursuit of benefits from Garrison and has instead unduly interfered with that process. She further alleges Cothran's recalcitrance has prevented her from getting her claim with Garrison resolved and from filing a satisfaction of her judgment against him. According to Rickborn, Cothran is therefore liable for breaching the Covenant's implied covenant of good faith and fair dealing.

## PROCEDURAL HISTORY

Garrison filed its declaratory judgment complaint against Rickborn and Cothran in October 2015. In response, Rickborn filed an answer and the breach of contract cross-claim now at issue.[1] Garrison failed to serve Cothran, and it has since voluntarily dismissed the portion of its claim seeking declaratory relief against him.

---

1.   Rickborn also asserted a counterclaim against Garrison for insurance bad faith. Garrison moved to dismiss the counterclaim on the ground that, under *Kleckley v. Northwestern Nat. Cas. Co.*, 526 S.E.2d 218 (S.C. 2000), Rickborn lacked standing to assert such a claim. Rickborn then withdrew her counterclaim.

In March 2016, Cothran moved to dismiss the cross-claim for failure to state a claim and for insufficient service of process. Rickborn filed a memorandum opposing the motion, to which Cothran replied. In May, the Court denied the motion without prejudice because the time for Rickborn to serve Cothran had not yet expired. Shortly thereafter, Cothran waived service of the cross-claim and then renewed the portion of his motion to dismiss based on Rule 12(b)(6).[2] This matter is now ripe for consideration.

## LEGAL STANDARD

A motion to dismiss pursuant Rule 12(b)(6) for failure to state a claim "challenges the legal sufficiency" of a pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Glynn v. EDO Corp.*, 641 F. Supp. 2d 476, 482 n.5 (D. Md. 2009) (noting that Rule 12(b)(6) applies to cross-claims). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Our courts use a "two-pronged approach" to assess a claim's legal sufficiency. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies all of the pleading's factual allegations, assumes they are true, and construes all of their reasonable inferences in favor of the pleader. *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations . . . is inapplicable to legal conclusions."). Then, it determines whether those presumed-true allegations "contain sufficient factual matter . . . to 'state a claim to relief that is

---

2. Rickborn did not file any memorandum opposing Cothran's renewed motion. However, after Cothran renewed his motion, Rickborn filed her Local Civil Rule 26.03 (D.S.C.) interrogatory answers, in which she summarized her previous arguments regarding failure to state a claim. The Court takes that to mean Rickborn stands by those previous arguments. Accordingly, in deciding the present motion, the Court has considered all the briefs from Cothran's original motion to dismiss. However, it has not considered other arguments that Rickborn asserted for the first time in her interrogatory answers, as they have not been properly asserted and briefed.

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when" it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must demonstrate that the pleader's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining whether a [pleading] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Rickborn and Cothran appear to agree that South Carolina law governs Rickborn's cross-claim. In South Carolina, "[t]he elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009) (citing *Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962)).

Rickborn's cross-claim is rooted in the Covenant's implied covenant of good faith and fair dealing.[3] Rickborn alleges the Covenant "anticipated" that "Cothran would operate in good faith . . . during Rickborn's pursuit of all available secondary liability and/or underinsured motorist benefits." (Am. Cross-cl., ECF No. 10, at ¶ 34.) She further alleges Cothran "refused

---

3.    It appears no South Carolina case specifically holds that covenants not to execute contain implied covenants of good faith and fair dealing. However, "[c]ovenants not to execute are treated as contracts and, as such, they are governed by general contract law." *Progressive Max Ins. Co. v. Floating Caps, Inc.*, 747 S.E.2d 178, 183 (S.C. 2013). Under South Carolina law, "[e]very contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Shiflet v. Allstate Ins. Co.*, 451 F. Supp. 2d 763, 771 (D.S.C. 2006) (citing *Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616, 618 (S.C. 1983)). Accordingly, the Court believes South Carolina's Supreme Court would hold that covenants not to execute include the implied covenant of good faith and fair dealing. *See Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 53 F. Supp. 3d 816, 821 (D.S.C. 2014) ("If the South Carolina Supreme Court has not addressed a particular legal issue raised in this case, this Court must predict how that court would rule if presented with the issue." (citing *Twin City Fire Ins. Co. v. Ben Arnold–Sunbelt Beverage Co. of S.C.*, 433 F.3d 365, 369 (4th Cir. 2005))).

to cooperate" with her[4] and "unduly interfered" with her efforts "to obtain a final determination" on the availability of other liability insurance benefits. (*Id.* at ¶¶ 36, 37.) In so doing, Rickborn contends, Cothran breached his implicit contractual duty to treat her fairly and act in good faith.

Although Rickborn does not identify in her pleading how Cothran hindered her pursuit of liability benefits, she does so in her opposition brief: "Cothran has unduly interfered with Rickborn's efforts to pursue liability benefits against Garrison by refusing to make an assignment of his claim to Rickborn." (Mem. Opp'n Mot. Dismiss Cross-cl., ECF No. 21, at 1–2.) Normally, this Court would disregard such an attempt to use briefing to supplement a challenged pleading. *See Sadler v. Pella Corp.*, 146 F. Supp. 3d 734, 759 n.13 (D.S.C. 2015) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . . ." (citation and internal quotation marks omitted)). Here, however, Rickborn's brief undercuts, rather than supplements, her pleading. As Rickborn states in her brief, the purpose of the Covenant is "to reserve Rickborn's right to make further claims against other policies for uncovered damages while protecting the personal assets of Cothran." (Mem. Opp'n Mot. Dismiss Cross-cl., ECF No. 21, at 5.) One of those personal assets is Cothran's right to sue Garrison if it acts in bad faith toward him in its handling of Rickborn's demand for liability benefits. *See, e.g.*, *Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616, 619 (S.C. 1983); *Miles v. State Farm Mut. Ins. Co.*, 120 S.E.2d 217, 220 (S.C. 1961); *Tyger River Pine Co. v. Md. Cas. Co.*, 170 S.E. 346, 348 (S.C. 1933). In the context of third-party liability insurance, such as the policy at issue in this case, the injured third party's entitlement to benefits under the policy is

---

4.    Rickborn alleges in her cross-claim that Cothran "refused to cooperate with *Garrison*." (Am. Cross-cl., ECF No. 10, at ¶ 36.) The use of "Garrison" rather than "Rickborn" appears to be inadvertent. In her opposition memorandum, Rickborn stresses that "Cothran has refused to cooperate *with Rickborn* in obtaining a final determination as to the availability of additional or secondary liability coverage under the Garrison policy." (Mem. Opp'n Mot. Dismiss Cross-cl., ECF No. 21, at 3 (emphasis added).)

separate from the at-fault insured right to be treated fairly by his insurer.[5]  *See Kleckley v. Nw. Nat. Cas. Co.*, 526 S.E.2d 218, 220 (2000) ("In South Carolina, our courts have repeatedly held that you must be the named insured to recover for bad faith refusal to pay benefits.").  Because Rickborn's benefit of the bargain in the Covenant is her ability to pursue claims for liability and underinsured motorist benefits, Cothran could not have acted in bad faith by refusing to give her an additional, theoretically distinct means of obtaining money from Garrison.

The cross-claim is also problematic in its theory of causation and damages.  As mentioned above, Rickborn alleges Cothran

> foreseeably caused Rickborn to suffer damages—namely by precluding a final determination of other applicable insurance coverage providing benefits to Rickborn arising out of the injuries and damages sustained in the October 4, 2012 motor vehicle collision and preventing any judgment obtained against Defendant Cothran to be marked and entered as satisfied.

(Am. Cross-cl., ECF No. 10, at ¶ 38.)  Neither of those two alleged injuries could plausibly entitle Rickborn to relief.  As to the first, Garrison filed this declaratory judgment action for the specific purpose of obtaining a final determination on whether it must pay Rickborn liability benefits.  Rickborn has answered Garrison's complaint by alleging "that she is entitled to a declaration that the automobile policy at issue covers her claims and injuries" and asking this Court to make such a declaration.  (Am. Cross-cl., ECF No. 10, at ¶ 19 & Prayer for Relief.)  The very existence of this declaratory judgment action renders implausible the assertion that Cothran has prevented Rickborn from obtaining a final determination on coverage.  At best, a breach of contract claim against Cothran predicated on this theory of injury is premature.

As to the second alleged injury, the Covenant requires Rickborn to file a satisfaction of her judgment against Cothran once she concludes her pursuit of other insurance benefits.  That

---

5.    Frequently, covenants not to execute include provisions in which the insured driver assigns to the injured third party any potential insurance bad faith claim he might have.  The Covenant at issue here, however, contains no such provision.

provision burdens only Rickborn and benefits only Cothran.  Rickborn cannot sue for the alleged deprivation of Cothran's contractual right.

For the foregoing reasons, Rickborn has failed to state a valid claim against Cothran, and thus her cross-claim must be dismissed. [6]  Anticipating that conclusion, Rickborn asks for leave to file an amended cross-claim.  "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and quotation marks omitted).  Cothran has not voiced any opposition to Rickborn's request.  While the Court questions whether Rickborn's theory of liability can be made viable through improved pleading, it cannot say at this juncture that whatever amendments Rickborn might offer will be clearly insufficient or facially frivolous.  *See Johnson v. Orweat Foods Co.*, 785 F.2d 503, 510–11 (4th Cir. 1986) (stating a futile amendment is one that is "clearly insufficient or frivolous on its face").  Accordingly, the Court grants Rickborn fourteen days from the date of this Order to amend her cross-claim, if she so desires.

## CONCLUSION

For the reasons stated herein, Cothran's renewed motion to dismiss Rickborn's cross-claim is **GRANTED**.  Rickborn's cross-claim is **DISMISSED** without prejudice and with leave to file an amended cross-claim within fourteen days.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

July 14, 2016
Charleston, South Carolina

---

6.     In light of the above, the Court need not address Cothran's reading of *RoTec Servs., Inc. v. Encompass Servs., Inc.*, 597 S.E.2d 881 (S.C. Ct. App. 2004), and the arguments he bases on his reading of that case.